Alright, Ms. Santelli, you have reserved 2 minutes for rebuttal. That gives you 8 minutes to start. Can we step back a little bit? Where is your client's principal place of business? Right now they're in Houston, I think. Well, because in April 2021, when the contract was drafted, New York law was specified. And can't you, simply? Well, so New York law was chosen by the parties. Well, if the note is invalid, the note doesn't exist anymore. Well, because I would say at the time of the note, at the time of the unlawful debt was... No, but you would take the position that the 2018 note was also invalid, right? The statute of limitations or like... I don't remember what it was. For some reason they only chose the 2021 note. I think, so, the parties... Our client was in New York at the time they sold the note. They were in New York when they had to pay it off. I think they only moved from New York sometime after the action was commenced. Why on earth are we concerned with New York rather than Delaware, which is absolutely clear that it does not have a usury law? And so that's the end. So, because the New York interpretation and adverbatives didn't just cause problems with the note. It said if it's usurious, criminally usurious, it's void ab initio. So, if the note... They didn't have another contract. All they had was a single sheet of paper designating Delaware law. It was an amendment. Right, but... So what? Well, you would agree, I think, that somebody has to decide this, right? Some court has to decide this. What we're asking here is... No, I mean, can you answer that question? You would agree that some court has to decide this. You can't just say the contract is void and we have to believe you. Some court has to decide it. But what you're deciding is, was the debt unlawful under RICO, right? And this is the claim that the unlawful debt pertains to is, was it an unlawful debt? So, we have to say yes, because at the time, it was New York law. The loan is uncollectible. So, that means that the $750,000 and the $225,000 they gave you is supposed to just disappear? Like, you don't have to return that? What does that mean to be uncollectible and for your rescission? So, under RICO, the action that is actionable is collection of an unlawful debt. But they collected the unlawful debt. They already got it back. Because it was a convertible note, they got it in stock. So, when they affected the conversion in November, they got something like $22 million worth of stock based on a default provision. So, they got paid back. In fact, they filed suit in Delaware. But they pulled that, right, once, right? They did. Okay. So, why is Delaware not taking on all of these issues? Because the parties chose New York law. But they then chose Delaware. And you say they did it in a little piece of paper. But contracts can be a little piece of paper. But New York law. Look, there may be an invalid contract in New York. And you can then say, but we want this to be Delaware. Why isn't that enough? Why can't they get rid of New York if they want to? Well, I would argue because it's because the note was void ab initio. And if it's a usurious note and it's void ab initio, I think you would need to create a whole new contract. Can I ask you a different question? I mean, it seems to me that really the only thing before the district court was whether or not a forum selection clause in the 21 amendment is enforceable. And that is generally mostly a matter of federal law. And so it seems to me that the district court treated this as a 12b3 or a 12b motion. This is really a forum nonconvenience, it seems to me, under our case law. And if that's the case, then forum selection clauses are presumptively valid as long as you meet certain criteria. And New York law shouldn't apply at all here, it seems to me, as to whether or not it's usurious or unjust or inappropriate. We were arguing that it was unreasonable under the circumstances. I think that's part of the test. It is part of the test, but it doesn't refer to New York law. And there is no federal usury law, is there? No, but if you're arguing that the Delaware amendment was without effect a nullity, that's what we're arguing. Well, but why couldn't the federal court say that this was an appropriate choice of law, that it made it? There is nothing federally that is violated by making this decision. I think that's a question the presider is asking. Well, I guess I would say choice of forum. It seems to me that the choice of forum, if the choice of forum clause is enforceable, this thing goes down to Delaware and they can take care of this. And you can argue whether the choice of law provision is enforceable or anything else is enforceable. But the choice of forum provision seems to be pretty unassailable here, and I'm trying to figure out why that's not the case. Well, as I indicated, I think it was just based on the invalidity of the amendment. The court, I think, could have – The invalidity of the amendment is – you're saying it's invalid under New York law. But you must be saying something else. You must be saying that the fact that it was invalid under New York law made it so bad that a federal court would find for federal judgment that this was indecent and invalid. But I don't see any arguments made why this is something that violates any federal policy. That is, the fact that it may have been bad under New York law, you are saying, is enough so that a federal court would not give rise to what otherwise would be a perfectly okay thing. Well, I think that the federal courts have followed New York law when they're interpreting it. They might even be able to. But what is it that says that when they said, we do not find anything wrong with this, and therefore Delaware, that that is something that is an abuse of whatever power the federal court has? Well, but the court actually refused to hear any discussion about usury based on what they interpreted the law to be in terms of appropriation. But that may be unwell-being. They may say that as far as federal choice of law is concerned, we are not concerned with whether New York is very troubled by usury or not. So we're not going to hear it. What's wrong with that? Well, I think they were going to use state law as law. Yeah. Good.  All right. Well, you've reserved two minutes for rebuttal. We'll hear now from Mr. Marks. But why isn't that the only question? I mean, what Judge Ramos did is he decided the choice of forum clause was enforceable. And then he went on to rule on the merits of Rule 29B, causes of action. He can't do that, right? I agree that wasn't necessary. No, this should have been formed on convenience. Do you agree with that? It should have been transferred. Well, I mean, it wasn't briefed below, I don't think, as a forum nonconvenience motion, was it? It was briefed as a 12B3 improper mandate. But it's really a forum nonconvenience. Do you agree? Under Rabinowitz, which was just last year, and I think Martinez and other cases, and the Supreme Court. Sure. All right. And so the remedy then, if it's an enforceable choice of forum clause, then the remedy is that this thing gets transferred to Delaware, right? That's correct. And why wasn't Judge Ramos wrong then to go on and talk about all sorts of other things, which is what confuses this case? Yes, I understood. And I believe what happened was we moved, with respect to 12B3, as to the 29B securities claims, count ones 1, 2, and 3. We did not move for, you know, under 12B3, as to the RICO claim, which we probably should have. And that may have confused Judge Ramos. But it would make sense that, given the choice of forum that was agreed upon with respect to Delaware, that the entirety of the case should be in Delaware rather than New York. And that the Delaware judge would make the decision in the first instance as to whether to use replies or not, and with respect to the 29B. Thank you. I'm sorry. Can I ask why – did they get anything for signing the amendment? Did they get anything for signing the amendment? There were – I don't have the amendment in front of me. But, yes, they also got the change in the choice of law and choice of forum. It's not – it wasn't – you know, in our view, that could constitute consideration. Thank you. Unless there are other questions, Your Honor. All right. So you are – would be content, then, to have the choice of forum clause enforceable and then what, remanded to the district court to transfer the case to Delaware? I'm trying to figure out what the decretal language would look like here, if you get your way. I think it would be appropriate either for it to be transferred to Delaware or dismissed and they can re-file in Delaware. Either one of those mechanisms is fine, Your Honor. But, you know – Well, why would dismissal be appropriate instead of, I guess, the transfer? I mean, just thinking about the fact that we brought up this whole three-versus-one means, but – Yes, but any dismissal that gets you into statute of limitation problems, things of that sort, why not just transfer? We would not object to that, Your Honor. All right. But just, I mean, anticipating what I think Ms. Santelli is going to say when she gets up on rebuttal, which is – Okay, so I think you're agreeing with the framework, which is the enforcement that this should be viewed as a forum non, based on what you would argue is an enforceable forum selection clause. And there are four steps under Martinez that we should be looking at. But the last one is whether it would be unjust or inappropriate, whether there's fraud here or some other public policy reason not to enforce this forum selection clause. So, yeah, respond to that. Correct, Your Honor. I mean, look, there's both Delaware corporations, and there have been decisions about, you know, while other statutes in New York – there may be a public policy reason for a different state statute not to take precedence here. Other courts have said that allegedly these various transactions between two sophisticated companies does not rise to the level of public policy concern for New York. So we believe that the choice of forum clause should be upheld and that even looking at Judge Raykov's decision in Amount 2, the usury argument would not overcome a choice of forum clause. In the first instance, you know, the Delaware judge would be in a position in the first instance to decide whether usury should avoid the amendment and avoid the underlying contract. Thank you. Unless there are other questions. No, hearing none, we'll hear from Ms. Santelli for two minutes of rebuttal. So I think it is a question of public policy. That is the reason we wanted to defend New York without its adjustment under the circumstances. Right, but, I mean, step four of Martinez is really the federal court deciding whether it's unjust with respect to federal concerns. And there is no federal usury law, right? No, no. No, but you have to be arguing that the New York policy is so strong that for the federal court to do something that undercuts it undercuts federal policy. And that, therefore, the choice of forum clause should not be enforced. That has to be your argument. So, I mean, I don't think my client objected as much to the choice of forum as, obviously, to the choice of law. Because the choice of law would mean that the note is not usurious. Our position was just that the entire amendment would be void because the contract is judged under state law to be usurious. Okay, thank you. That's it. Okay, well, thank you both. We will reserve decision.